UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------

SOLWAZI OLUSOLA,

                            Plaintiff,                              **MEMORANDUM & ORDER**
                                                                    19-CV-6909 (MKB) (JO)

            v.

DON COQUI HOLDING COMPANY, LLC,


                            Defendant.

-------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

          Plaintiff Solwazi Olusola commenced the above-captioned action on December 10, 2019,

against Defendant Don Coqui Holding Company, LLC, alleging copyright infringement pursuant

to 17 U.S.C. § 501 (the "Copyright Act"), and the removal and/or alteration of copyright

management information ("CMI") in violation of 17 U.S.C. § 1202(b) of the Digital Millennium

Copyright Act (the "DMCA").  (Compl. ¶¶ 1, 12–13, Docket Entry No. 1.)  Plaintiff alleges that

Defendant published a photograph (the "Photograph") to which Plaintiff holds the copyright on

Defendant's Instagram account.  (*Id.*)  Plaintiff served Defendant with the Summons on

December 13, 2019.  (Aff. of Service, Docket Entry No. 6.)  Defendant failed to answer the

Summons or otherwise appear in this action and on January 29, 2020, the Clerk of Court noted

Defendant's default.  (Clerk's Entry of Default, Docket Entry No. 8.)  Plaintiff subsequently

moved for a default judgment.[1]  On April 6, 2020, the Court referred Plaintiff's motion to

---

[1]  (Pl.'s Mot. for Default J. ("Pl.'s Mot."), Docket Entry No. 9; Decl. of Richard
Liebowitz in Supp. of Pl.'s Mot. ("Liebowitz Decl."), Docket Entry No. 10; Statement of
Damages, Docket Entry No. 11; Proposed Order, Docket Entry 12; Pl.'s Mem. in Supp. of Pl.'s
Mot. ("Pl.'s Mem."), Docket Entry No. 17; Decl. of Solwazi Olusola in Supp. Pl.'s Mot.
("Olusola Decl."), Docket Entry No. 18.)

Magistrate Judge James Orenstein for a report and recommendation.  (Order dated April 6, 2020.)

By report and recommendation dated October 8, 2020, Judge Orenstein recommended that the Court grant Plaintiff's motion for entry of a default judgment and that Plaintiff be awarded $875, consisting of $175 in actual damages, no additional statutory damages, $300 in attorneys' fees, and $400 in costs (the "R&R").  (R&R 1, Docket Entry No. 22.)  On October 22, 2020, Plaintiff timely filed partial objections to the R&R.  (Pl.'s Obj. to R&R ("Pl.'s Obj."), Docket Entry No. 24.)  For the reasons set forth below, the Court grants Plaintiff's motion for a default judgment and adopts the R&R except with respect to the issues of statutory damages under the DMCA and the reasonable hourly rate for Plaintiff's counsel.

## I.   Background

The Court assumes familiarity with the underlying facts as detailed in the R&R and provides only a summary of the procedural history and pertinent facts.

### a.   Procedural history

On December 10, 2019, Plaintiff commenced this action against Defendant, alleging violations under section 501 of the Copyright Act and section 1202(b) of the DMCA.  (Compl.)  After Defendant failed to answer or otherwise respond to the Complaint, Plaintiff requested a certificate of default.  (Pl.'s Request for Certificate of Default, Docket Entry No. 7.)  On January 29, 2020, the Clerk of Court made an entry of default against Defendant.  (Clerk's Entry of Default.)

On April 3, 2020, Plaintiff moved for a default judgment.  (Pl.'s Mot.; Pl.'s Mem.)  By Order dated April 6, 2020, the Court referred Plaintiff's motion to Judge Orenstein for a report and recommendation.  (Order dated Apr. 6, 2020.)  Judge Orenstein held a hearing regarding

2

Plaintiff's motion for a default judgment, during which he noted that Plaintiff had failed to serve

his motion on Defendant, in violation of Local Civil Rule 55.2(c); failed to submit a

memorandum in support of the motion, in violation of Local Civil Rule 7.1; and failed to submit

any evidence of actual damages in support of the claim for actual damages.  (Min. Entry dated

June 17, 2020, Docket Entry No. 16.)  Judge Orenstein provided Plaintiff an opportunity to cure

these defects and Plaintiff subsequently filed a memorandum in support of default judgment,

(Pl.'s Mem.), and a declaration concerning actual damages suffered as a result of Defendant's

unauthorized use of the Photograph, (Olusola Decl. ¶¶ 6–7).

> **b.    Report and recommendation**

Judge Orenstein recommended that the Court grant Plaintiff's motion for a default

judgment for violations under the Copyright Act and the DMCA.  (R&R 14.)

> **i.    Claims under the Copyright Act and the DMCA**

Judge Orenstein found that Plaintiff successfully alleged Defendant's violation of the

Copyright Act by showing: (1) "[Plaintiff] owns a valid copyright and that copied elements of

the work were original"; (2) registration occurred within five years of the Photograph's first

publication; and (3) Defendant was not authorized to use or publish the Photograph.  (R&R 2–4.)

He noted that Defendant's default admits these allegations, establishing its liability under the

Copyright Act.  (*Id*. at 4.)  However, Judge Orenstein determined that Plaintiff was not entitled to

statutory damages pursuant to section 412 of the Copyright Act because he failed to timely

register the Photograph.  (*Id*. at 6–7 (first citing 17 U.S.C. § 412; and then citing Public Catalog,

United States Copyright Office, http://cocatalog.loc.gov).)  Judge Orenstein further found that

Plaintiff had not satisfied his burden to support his claim that he suffered "$3,000 in actual

damages consisting of $1,500 in lost licensing fees and $1,500 in undue profits," reasoning

instead that Plaintiff was entitled to an award of $175 for lost licensing fees and no additional amount for Defendant's "ill-gotten gains."  (*Id.* at 6–8.)

In addressing the DMCA claim, Judge Orenstein determined that Plaintiff had sufficiently alleged violation of the DMCA by demonstrating that Defendant: (1) copied the Photograph; (2) knowingly removed the CMI by cropping out Plaintiff's watermark before publishing the Photograph on its Instagram account; and (3) made such alterations "intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement."  (*Id*. at 4–5 (quoting Compl. ¶¶ 25–26).)  He found that Defendant's default admits these allegations, establishing its liability under the Copyright Act.  (*Id.* at 4.)

Notwithstanding Defendant's liability, Judge Orenstein recommended against granting statutory damages under the DMCA because Plaintiff failed to establish a harm distinct from the loss of a license fee — the basis for damages under the Copyright Act — and "recommend[ed] that the [C]ourt not simply assume that such additional harms exist."  (*Id*. at 8–10 (citing *Reilly v. Commerce*, No. 15-CV-5118, 2016 WL 6837895, at *8 (S.D.N.Y. Oct. 31, 2016) ("So long as the [c]ourt properly distinguishes among these injuries when it sets the amount of the award under [the Copyright Act and the DMCA], no duplication will occur."), *report and recommendation adopted*, (S.D.N.Y. Nov. 21, 2016)).)

### ii.   Attorneys' fees and costs

After a review of the "the prevailing rate awarded by courts in this district to attorneys with [Plaintiff's counsel's] experience," (*see* R&R 12), Judge Orenstein recommended against granting the requested $2,250 in attorneys' fees (*id*. at 11).  Instead, Judge Orenstein determined that the hourly rate of $425 requested by Plaintiff's counsel, Richard Liebowitz, far exceeded "what a 'reasonable, paying client' would be willing to pay for the representation [Liebowitz]

provides," and recommended the Court award fees on the basis of a $100 hourly rate.  (*Id*. at 12–13.)  Judge Orenstein further determined that Plaintiff's request to reimburse counsel for six hours of billed time was not supported by the record, recommending to the contrary that the Court order Defendant to reimburse Plaintiff:

> for three hours of Liebowitz's time: one hour to review the case file in preparation for filing and conducting due diligence regarding the relevant copyright registration, one hour to prepare and file the Complaint, and one hour to seek the entry of default and file the cookie-cutter (and deficient) motion papers now before the court on the motion for default judgment.

(*Id*. at 13–14.)  Based on an hourly rate of $100 for three hours of work, Judge Orenstein recommended that the Court award a total of $300 in attorneys' fees.  (*Id*. at 14.)

Finally, Judge Orenstein recommended an award of $400 in costs to cover the filing fee, but denied Plaintiff's request for an additional $40 to cover service of process as Plaintiff provided "no documentation for his claim that he paid a personal service fee of $40."  (*Id*.)

### c.  Plaintiff's objections to the R&R

Plaintiff has filed objections requesting that the Court depart from Judge Orenstein's recommendation regarding the denial of statutory damages under the DMCA and the reasonable hourly rate on which to base the award of attorneys' fees, and instead award (1) "Plaintiff $10,000.00 in statutory damages" under the DMCA; and (2) attorneys' fees based on $425 per hour for work performed by Plaintiff's counsel.  (Pl.'s Obj. 6, 8.)

## II.  Discussion

### a.  Standards of review

#### i.  Report and recommendation

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

28 U.S.C. § 636(b)(1)(C).  When a party submits a timely objection to a report and recommendation, the district court reviews *de novo* the parts of the report and recommendation to which the party objected.  *Id.*; *see also United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015).  The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record.  *See John Hancock Life Ins. Co. v. Neuman*, No. 15-CV-1358, 2015 WL 7459920, at *1 (E.D.N.Y. Nov. 24, 2015) (applying clear error when no objections to the magistrate judge's report and recommendation were filed).  The clear error standard also applies when a party makes only conclusory or general objections. Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [magistrate judge's] proposed findings and recommendations."); *see also Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018) ("[M]erely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)." (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002))); *Benitez v. Parmer*, 654 F. App'x 502, 503–04 (2d Cir. 2016) (holding that "general objection[s] [are] insufficient to obtain *de novo* review by [a] district court").

## ii. Default judgment

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, there is "a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment."  *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)).  "The entry of a default, while establishing liability, 'is not an admission of damages.'"  *Id.* at 128 (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 83 n.6 (2d Cir. 2009)).  "[T]he admission of factual

allegations does not amount to an admission of liability; the court is still 'required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law.'" *Isigi v. Dorvilier*, 795 F. App'x 31, 33–34 (2d Cir. 2019) (second and third alterations in original) (quoting *Finkel*, 577 F.3d at 84).  "[T]he court may, on plaintiffs' motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Bricklayers & Allied Craftworkers Loc. 2 v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (citing *Mickalis Pawn Shop, LLC*, 645 F.3d at 137).  "A default . . . only establishes a defendant's liability if those allegations are sufficient to state a cause of action against the defendant." *Taizhou Zhongneng Imp. & Exp. Co. v. Koutsobinas*, 509 F. App'x 54, 56 (2d Cir. 2013); *see also LG Funding, LLC v. Fla. Tilt, Inc.*, No. 15-CV-631, 2015 WL 4390453, at *2 (E.D.N.Y. July 15, 2015) ("To determine whether the default judgment should issue, the [c]ourt examines whether 'the factual allegations, accepted as true, provide a proper basis for liability and relief.'" (quoting *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010))).  However, the Second Circuit has an "oft-stated preference for resolving disputes on the merits," *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993) (first citing *Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir. 1983); and then citing *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981)), and therefore "[a] plaintiff is not entitled to default judgment as a matter of right, merely because a party has failed to appear or respond," *LG Funding, LLC*, 2015 WL 4390453, at *2 (citing *Erwin DeMarino Trucking Co. v. Jackson*, 838 F. Supp. 160, 162 (S.D.N.Y. 1993)).

   **b.   Unopposed portions of the R&R**

   No party has objected to the recommendations that the Court (1) grant default judgment against Defendant (R&R 14), (2) award Plaintiff damages under the Copyright Act in the amount

of $175, (*id.* at 8), (3) deny Plaintiff's request to be reimbursed for six hours of work by counsel, and instead to reimburse Plaintiff for three hours of compensable time, (*id.* at 14), and (4) grant Plaintiff's request for costs in the amount of $400, (*id.*).  Having reviewed these recommendations for clear error and finding none, the Court grants Plaintiff's motion for a default judgment against Defendant for violating Plaintiff's rights in the Photograph under the Copyright Act and the DMCA, awards Plaintiff $175 as recovery in actual damages under the Copyright Act, awards Plaintiff attorneys' fees for three hours of Plaintiff's counsel's time, and awards $400 in costs.

### c.   Statutory damages under the DMCA

Plaintiff seeks $10,000 in statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(B) of the DMCA.  (Statement of Damages ¶ 4.)  As noted above, Judge Orenstein recommended that the Court deny Plaintiff's request for statutory damages or, in the alternative, grant $2,500, the minimum statutory damages under the DMCA.  (R&R 10 & n.4.)

"Civil plaintiffs injured because of a DMCA violation may seek either actual damages or statutory damages of $2,500 to $25,000 per infringement."  *Mango v. Buzzfeed, Inc.*, 356 F. Supp. 3d 368, 378 (S.D.N.Y. 2019), *aff'd*, 970 F.3d 167 (2d Cir. 2020).  "[T]he law ordinarily forbids a plaintiff from recovering twice for the same injury."  *Agence France Presse v. Morel*, No. 10-CV-2730, 2014 WL 3963124, at *10 (S.D.N.Y. Aug. 13, 2014) (citing *Indu Craft, Inc. v. Bank of Baroda*, 47 F.3d 490, 497 (2d Cir. 1997)).  However, where the defendant "'both unlawfully reproduced the [p]hotograph and altered the embedded copyright information' plaintiff is entitled to damages under each statute."  *Wexler v. Synergy Prep, Inc.*, No. 20-CV-2672, 2021 WL 260635, *3 (E.D.N.Y. Jan. 3, 2021) (citing *Reilly*, 2016 WL 6837895, at *8); *see also Agence France Presse*, 2014 WL 3963124, at *10 ("Defendants . . . recognize that in an

appropriate case, separate DMCA and copyright awards might be permissible").  "Much like in the determination of statutory damages for copyright infringement, courts typically assess the 'circumstances of the violation' and willfulness of the violation."  *Mango*, 356 F. Supp. 3d at 378 (quoting *Myeress v. Elite Travel Grp. USA*, No. 18-CV-340, 2018 WL 5961424, at *4 (S.D.N.Y. Nov. 14, 2018) ("In awarding statutory damages under the DMCA, courts 'consider [several] factors, namely, the difficulty of proving actual damages, the circumstances of the violation, whether [d]efendants violated the DMCA intentionally or innocently, and deterrence.'" (alterations in original) (quoting *Agence France Presse*, 2014 WL 3963124, at *10)).

Plaintiff alleges, and Defendant admits by defaulting, that Defendant acted "intentionally and knowingly" in removing Plaintiff's CMI from the Photograph by cropping out the watermark before publishing it on its Instagram account.  (*See* Compl. ¶¶ 22–23.)  As Judge Orenstein noted, however, Plaintiff has provided "no support for his request for $10,000 in statutory damages aside from his counsel's declaration citing some court orders granting similar relief in other cases," without elaborating on "what makes those cases comparable to this one." (R&R 9–10 (first citing Liebowitz Decl. ¶ 22 & Ex. A; and then citing *Jerstad v. New York Vintners LLC*, 2019 WL 6769431, at *3 (S.D.N.Y. Dec. 12, 2019) (noting that attaching orders from other courts that have approved $10,000 in statutory damages without explanation provides no support for why similar statutory damages should be awarded in the instant case), *report and recommendation adopted*, 2020 WL 58237 (S.D.N.Y. Jan. 6, 2020).)  Although the limited record makes it difficult for the Court to assess the circumstances of the violation, as discussed below, courts in this circuit have not generally required a plaintiff to specify a distinct harm suffered as a result of the defendant's violation of the DMCA to recover statutory damages.

Judge Orenstein recommended that the Court deny Plaintiff's request for statutory

damages or in the alternative grant $2,500 minimum statutory damages under the DMCA

because Plaintiff "does not identify any harm to be compensated by an award of statutory

damages under the DMCA that is not also the basis for an award of actual damages for copyright

infringement harm."  (R&R 10 & n.4.)  As Judge Orenstein notes, Plaintiff fails to specifically

allege a harm distinct from the loss of licensing fee, which forms the basis of his recovery of

actual damages under the Copyright Act.  Therefore, Judge Orenstein recommended against

"assum[ing] that such additional harms exist" in order to grant Plaintiff additional recovery

under the DMCA.  (*Id.* at 10.)  However, courts in this circuit have not required a plaintiff to

demonstrate a specific harm resulting from the defendant's violation of the DMCA in order to

recover under both the Copyright Act and the DMCA as the two statutes "protect different

interests."  *Agence France Presse*, 2014 WL 3963124, at *10; *see also Dermansky v. Tel. Media,

LLC*, No. 19-CV-1149, 2020 WL 1233943, at *6 n.6 (E.D.N.Y. Mar. 13, 2020) ("[B]ecause the

DMCA and Copyright Act have different elements and are intended to deter somewhat different

conduct, the [c]ourt should undertake a separate damages analysis for each claim.").

Plaintiff arguably suffered two distinct types of injury: (1) Defendant deprived Plaintiff

of the ability to control the timing and nature of the Photograph's publication and negotiate a

licensing fee by using the Photograph without permission; and (2) Defendant deprived Plaintiff

of his right to attribution and, arguably, made it easier for potential infringers to violate

Plaintiff's rights in the Photograph by removing Plaintiff's CMI.  *See Reilly*, 2016 WL 6837895,

at *8 ("Defendant's removal of [the plaintiff's] copyright notice and other CMI deprived [the

plaintiff] of professional recognition for the display on [the defendant's website], and —

arguably — made it easier for other potential infringers to compound that injury." (citing Russell

W. Jacobs, *Copyright Fraud in the Internet Age*, 13 Colum. Sci. & Tech. L. Rev. 97, 147 (Feb. 15, 2012))).

The Court finds that the evidence of Defendant's willful removal of Plaintiff's CMI warrants the award of statutory damages under the DMCA.  *See Mango*, 356 F. Supp. 3d at 378 (finding the defendant's intentional alteration of the plaintiff's "gutter credit" amounted to willful violation of the DMCA); *see also Rovio Ent., Ltd. v. Allstar Vending, Inc*., 97 F. Supp. 3d 536, 546 (S.D.N.Y. 2015) ("Copyright infringement is deemed willful by virtue of a defendant's default." (first citing *All-Star Mktg. Grp., LLC v. Media Brands Co*., 775 F. Supp. 2d 613, 621–22 (S.D.N.Y. 2011); and then citing *Fallaci v. New Gazette Literary Corp*., 568 F. Supp. 1172, 1173 (S.D.N.Y. 1983)).  In similar circumstances where there is evidence of willfulness but a lack of evidence demonstrating the specific harm suffered as a result of a defendant's removal of the CMI, courts have generally found an award of $5,000 per DMCA violation appropriate as it provides fair compensation to the copyright holder and effectively deters future infringement. *See Bass v. Diversity Inc. Media*, No. 19-CV-2261, 2020 WL 2765093, *4–5 (S.D.N.Y. May 28, 2020) (finding that $5,000 in statutory damages under the DMCA "is likely 'a substantial multiple of [the plaintiff's] licensing fee,' and thus will 'satisfy the dual purposes of statutory damages — compensation and deterrence.'" (quoting *Seelie v. Original Media Grp. LLC*, No. 19-CV-5643, 2020 WL 136659, at *5 (E.D.N.Y. Jan. 13, 2020)); *Mantel v. SMASH.com Inc.*, No. 19-CV-6113, 2019 WL 5257571, at *4 (W.D.N.Y. Oct. 17, 2019) ("Courts have found an award of $5,000 [for a DMCA violation] appropriate in circumstances like these, where there is evidence of willfulness but also a lack of evidence of direct injury." (collecting cases)); *Mango*, 356 F. Supp. 3d at 378 (finding the "modest amount [of $5,000] accounts for [the defendant's] willful conduct . . . [and] avoids duplicating compensation for similar conduct as addressed

[under the Copyright Act] and not[ing] that district courts in the Second Circuit award amounts consistent with or above this figure"); *Wexler*, 2021 WL 260635, at *4 (awarding $5000 in statutory damages under the DMCA since "[the] plaintiff has established that [the] defendant willfully removed copyright information from the [p]hotograph, . . . [but] has offered no evidence illustrating the extent of the harm [the] defendant's infringement caused"); *Myeress*, 2018 WL 5961424, at *4 (same); *see also Dermansky*, 2020 WL 1233943, at *6 (awarding $5,000 in statutory damages under the DMCA on the grounds that "there was only one act of infringement, [the p]laintiff took no action to cure the violation, such as by sending a cease-and-desist letter or application for injunctive relief, and [the p]laintiff has submitted no evidence of actual harm in support of her application"). *But see Seelie*, 2020 WL 136659, at *3 (declining to grant "separate damages under the Copyright Act and the DMCA," on the grounds that the court may "adequately address" "defendant's removal of the accreditation notation . . . by including it in the mix of factors in determining the statutory award under the Copyright Act").

Accordingly, the Court declines to adopt Judge Orenstein's recommendation against granting statutory damages under the DCMA.  The Court finds that statutory damages in the amount of $5,000 are appropriate for Defendant's DMCA violation as Plaintiff established that Defendant willfully removed CMI, but provided no evidence of direct harm suffered as a result.

### d.   Attorneys' fees

Plaintiff seeks attorneys' fees at the rate of $450 per hour.  (Liebowitz Decl. ¶ 25.)  For the reasons explained below, the Court finds this rate unreasonable in light of Plaintiff's counsel's level of experience and the circumstances of this case and adopts Judge Orenstein's recommendation that the Court apply a reduced rate, but declines to adopt Judge Orenstein's specific recommendation regarding what amount constitutes a reasonable hourly rate.

Both the Second Circuit and the Supreme Court have held that "the lodestar [method] — the product of a reasonable hourly rate and the reasonable number of hours required by the case — creates a 'presumptively reasonable fee.'" *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2007)) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551–53 (2010)); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Chambless v. Masters, Mates & Pilots Pension Plan*, 885 F.2d 1053, 1058–59 (2d Cir. 1989).

Trial courts are afforded "considerable discretion in determining what constitutes reasonable attorney's fees in a given case." *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 151 (2d Cir. 2008). In exercising this discretion, trial courts must "bear in mind *all* of the case-specific variables that . . . courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." *Id.* (quoting *Arbor Hill*, 522 F.3d at 190). "'The most critical factor' in a district court's determination of what constitutes reasonable attorney's fees in a given case 'is the degree of success obtained' by the plaintiff." *Id.* at 152 (quoting *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)). Additional factors a court should consider include but are not limited to:

> the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted *pro bono* (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation.

*Arbor Hill*, 522 F.3d at 184, 190 (clarifying that district courts should consider, among others, the factors laid out in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.

13

1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989)); *see also, e.g.*, *Harris v. Best Companion Homecare Servs., Inc.*, No. 18-CV-5328, 2019 WL 4738821, at *7 (E.D.N.Y. Aug, 26, 2019), *report and recommendation adopted*, 2019 WL 4737056 (E.D.N.Y. Sept. 27, 2019). The fee applicant bears the burden of "submit[ting] adequate documentation supporting the requested attorneys' fees and costs." *Fisher v. SD Protection Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) (first citing *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1154 (2d Cir. 1983) ("All applications for attorney's fees . . . should normally be disallowed unless accompanied by contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." (alteration in original)); and then citing *McCann v. Coughlin*, 698 F.2d 112, 131 (2d Cir. 1983) ("Fee awards . . . must be made on the basis of adequate documentation." (alteration in original))).

"A reasonable hourly rate is 'the rate a paying client would be willing to pay,' 'bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively.'" *Spain v. Kinder Stuff 2010 LLC*, No. 14-CV-2058, 2015 WL 5772190, at *8 (E.D.N.Y. Sept. 29, 2015) (alteration in original) (quoting *Arbor Hill*, 522 F.3d at 190). Such rates should be based on rates "prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation." *Cruz v. Local Union No. 3 of Int'l Brotherhood of Elec. Workers*, 34 F.3d 1148, 1159 (2d Cir. 1994) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)) (citing *Hensley*, 461 U.S. at 433). "Determination of the prevailing market rates may be based on evidence presented or a judge's own knowledge of hourly rates charged in the community." *Spain*, 2015 WL 5772190, at *8 (first citing *Farbotko v. Clinton County*, 433 F.3d 204, 209 (2d Cir. 2005); and then citing *Chambless*, 885 F.2d at 1059). "The 'community' . . . is the district where the district court sits." *Arbor Hill*, 522 F.3d at 190 (citing

*Polk v. N.Y. State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983)) (clarifying "forum rule").

      In what has become known as the "forum rule," courts assess the reasonableness of hourly rates by comparing the rates requested with the prevailing rates charged by attorneys practicing in the district where the court sits. *See id.* at 174–76 (discussing forum rule); *see also Bergerson v. N.Y. State Off. of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 290 (2d Cir. 2011); *Ret. Fund of Loc. 1482 Paint & Allied Prod. Mfrs. v. N. Adhesives, Inc.*, No. 19-CV-5609, 2020 WL 6370060, at *4 (E.D.N.Y. May 27, 2020) ("[R]easonable rates for the Eastern District rang[e] from $300 to $450 per hour for partners, $200 to $300 per hour for senior associates, $100 to $200 per hour for junior associates, and $70 to $100 per hour for paralegals.") (citing *Division 1181 Amalgamated Transit Union–N.Y. Employees' Pension Fund v. D & A Bus Co., Inc.*, 270 F. Supp. 3d 593, 618–19 (E.D.N.Y. 2017) (collecting cases)), *report and recommendation adopted*, No. 19-CV-5609, 2020 WL 5587271 (E.D.N.Y. Sept. 17, 2020).

      In reviewing a fee application, courts may review the expenditure of hours submitted by counsel, and adjust to a reasonable amount, as determined in light of the particulars of the case. *See Gayle v. Harry's Nurses Registry, Inc.*, No. 07-CV-4672, 2013 WL 5502951, at *7 (E.D.N.Y. Aug. 26, 2013), *report and recommendation adopted*, 2013 WL 5502950 (E.D.N.Y. Sept. 30, 2013) (affirming reduced award of attorneys' fees where the petitioner submitted a sworn declaration from counsel in support).  To obtain an award of attorneys' fees, a petitioner must provide contemporaneous time records that support the date work was performed, the nature of the hours expended, and the work done. *See Scott v. City of New York*, 643 F.3d 56, 58–59 (2d. Cir. 2011) ("[A] district court's 'personal observation' of an attorney's work is not by itself a sufficient basis for permitting a deviation and awarding fees in the absence of

contemporaneous records."); *Pilitz v. Inc. Village of Freeport*, No. 07-CV-4078, 2011 WL 5825138, at *4 (E.D.N.Y. Nov. 17, 2011) (noting that "the party seeking [attorneys'] fees [must] submit sufficient evidence to support the hours worked and the rates claimed" and "must support its application by providing contemporaneous time records that detail 'for each attorney, the date, the hours expended, and the nature of the work done'" (quoting *N.Y. State Ass'n for Retarded Children, Inc.*, 711 F.2d at 1148).

Plaintiff's counsel's requested hourly rate falls at the highest end of the forum scale and for this reason, has been broadly rejected in this circuit as exorbitant. *See, e.g.*, *Verch v. Nocturnal Times*, *LLC*, No. 19-CV-5912, 2020 WL 7632089, at *4 (E.D.N.Y. Oct. 12, 2020) (stating that "although $425 is within the range awarded to partners in this District, courts in this District have repeatedly found that $425 is an unreasonable rate for . . . Liebowitz" and collecting cases), *report and recommendation adopted*, 2020 WL 7625415 (E.D.N.Y. Dec. 22, 2020); *Lowery v. Fire Talk L.L.C.*, No. 19-CV-3737, 2020 WL 5441785, at *6–7 (E.D.N.Y. June 29, 2020) (recommending an award of three hours of fees at a rate of $200 per hour), *report and recommendation adopted*, 2020 WL 5425768 (E.D.N.Y. Sept. 10, 2020); *Mantel*, 2019 WL 5257571, at *4 (finding Liebowitz's "experience is more consistent with that of an associate than a partner," and therefore determining "a more reasonable rate to be $180 per hour for similar types of cases in this district" (citing *Stridiron v. Cmty. Broads., LLC*, No. 19-CV-108, 2019 WL 2569863, at *4 (N.D.N.Y. June 21, 2019))); *Stridiron*, 2019 WL 2569863, at *6 (finding "[Liebowitz's] experience and years of practice would seem to dictate that a reasonable hourly rate should be more in line with that of a fourth-year associate").

The Court, therefore, finds that that $200 per hour for three hours of Liebowitz's work yields a "presumptively reasonable fee" in this case of $600.  *Millea*, 658 F.3d at 166; *Arbor Hill*, 522 F.3d at 183.

**III.  Conclusion**

For the foregoing reasons, the Court adopts the R&R in part.  The Court grants a default judgment to Plaintiff on claims under the Copyright Act and the DMCA and awards $175 in actual damages pursuant to the Copyright Act and $400 in costs.  The Court increases to $5,000 the statutory damages under the DMCA and determines Liebowitz's hourly rate to be $200 an hour, for a total of $600 in attorneys' fees based on three hours of compensable time.  The Clerk of the Court is directed to enter Judgment and close the case.

Dated: February 18, 2021
       Brooklyn, New York

                                  SO ORDERED:


                                  ____s/ MKB_____
                                  MARGO K. BRODIE
                                  United States District Judge

17